SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

ALEX W. MILLER (*pro hac vice pending*)
alex.miller@wilmerhale.com
JARED V. GRUBOW (*pro hac vice pending*)
jared.grubow@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

LOUIS W. TOMPROS (*pro hac vice pending*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*pro hac vice pending*)
robin.burrell@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20037
Telephone: (202) 663-6000

*Attorney for Defendant Anthropic PBC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

ROUND HILL MUSIC LP ET AL.,

Plaintiffs,

vs.

ANTHROPIC PBC,

Defendant.

Case No. 3:26-cv-08505-CRB

**DEFENDANT ANTHROPIC PBC'S OPPOSITION TO PLAINTIFFS' CIVIL LOCAL RULE 7-11 ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

Judge Charles R. Breyer

[N.D. Cal. Civil L.R. 3-12 & 7-11]

Round Hill Music LP; Round Hill Music Royalty Fund II, LP; Round Hill Music Royalty Fund III, LP; Round Hill Music Royalty Fund III Plus, LP; GFP Co-Invest, LP; and RH Carlin Holdings LLC (collectively "Plaintiffs" or "Round Hill") seek to relate two lawsuits: *Round Hill Music LP v. Anthropic PBC*, Case No. 3:26-cv-08505 (the "*Anthropic Action*") and *Round Hill Music LP v. Suno, Inc.*, Case No. 3:26-cv-08507 (the "*Suno Action*").

The two cases involve different defendants, different AI technologies, different alleged infringing conduct, different property, and different types of copyrights. The *Anthropic Action* involves Anthropic's general-purpose, text-based frontier large language model, Claude, and turns on allegations that Anthropic collected text from the public internet and trained its models to generate novel text for near-unlimited purposes. *See Anthropic Action* Compl. ¶47. The *Suno Action* involves Suno's special-purpose AI music-generation tools and turns on how Suno's data-scraping vendor (Bright Data) allegedly supplied data to Suno, how Suno processed that data, and how Suno's model generates new sound recordings. *See Suno Action* Compl. ¶65. The only common ground between these cases is that the same music company plaintiffs filed both suits on the same day. But that is not enough. The two suits involve alleged infringement of different copyrights (sound recordings versus only musical compositions), by different defendants, and by wholly different means.

Civil L.R. 3-12 requires that the actions "concern substantially the same parties, property, transaction, or event," and that it be likely that proceeding before different judges would cause "unduly burdensome duplication of labor and expense or conflicting results." Civ. L.R. 3-12(a). Because neither is satisfied here, and no efficiency is gained by relating these cases, the motion should be denied. Instead, as explained below and in Anthropic's forthcoming motion to consider whether cases should be related, the *Anthropic Action* should be related to the string of genuinely related actions involving analogous allegations that Anthropic used similarly-acquired lyrics for text-based AI training, currently pending before Judge Eumi K. Lee.[1]

[1] Those actions are: *Concord Music Group, Inc., et al. v. Anthropic PBC*, Case No. 5:24-cv-03811-EKL-SVK ("*Concord I*"); *Concord Music Group Inc., et al. v. Anthropic PBC*, Case No. 5:26-cv-00880-EKL-SVK ("*Concord II*"); and *BMG Rights Management (US) LLC, et al. v. Anthropic PBC*, Case No. 3:26-cv-02334-EKL-SVK ("*BMG*").

### I. The *Anthropic Action* And *Suno Action* Involve Fundamentally Different Technologies From Different Defendants, Involving Different Property, Transactions, And Events

Anthropic and Suno are not "similar Defendants." Mot. at 1. Anthropic's Claude is a general-purpose AI large-language model that generates "human-like text in response to user prompts," with countless use cases ranging from coding to scientific research to core business functions. *See Anthropic Action* Compl. ¶30. Suno's product is a "generative AI music service" that ingests sound recordings and outputs "music files" containing "an entire song, including the instrumentals, vocals, and entirely generated lyrics." *Compare Anthropic Action* Compl. ¶¶17, 30–31, *with Suno Action* Compl. ¶¶5–6, 21. In the technological copyright context just as in the patent context, "[c]ases involv[ing] different parties and different accused products" should not be related. *Olympic Developments AG, LLC v. Nintendo of Am.*, 2011 WL 13352803, at *1 (N.D. Cal. Apr. 20, 2022).

The alleged infringement based on training inputs, and where these inputs came from, is fundamentally different. Round Hill alleges that Anthropic built Claude from *text* taken from "lyrics aggregation sites, streaming-platform metadata, and large-scale web-crawl archives." *Anthropic Action* Compl. ¶31; *see also id.* ¶¶32–37. Suno, on the other hand, allegedly scraped *sound* recordings from different sources using proxy tools supplied by a separate company, Bright Data, not named in the *Anthropic Action*. *See Suno Action* Compl. ¶¶3, 9–11, 39.

Nor do the actions otherwise arise from the same transactions or events related to inputs. Anthropic's alleged torrenting of book libraries and use of text corpora is wholly separate in time and method from Suno's alleged scraping of audio from streaming services using a third-party actor, Bright Data. *Compare Anthropic Action* Compl. ¶¶31–37, *with Suno Action* Compl. ¶¶11, 48–49.

Plaintiffs' motion ignores these substantial differences, resting almost entirely on the assertion that the two models drew from certain "overlapping sources, e.g. YouTube." *See* Mot. at 1–2. But even that is wrong. Insofar as YouTube is referenced in the *Anthropic Action*, it is related to "a subset of [text-only] data called 'YouTube Subtitles'" obtained from a larger text-

based dataset called "The Pile," not directly from YouTube. *Anthropic Action* Compl. ¶36. On the other hand, Suno is alleged to have "accessed these [sound recording] works from licensed streaming services (like Spotify, YouTube, SoundCloud) and paywalled platforms (e.g., Tidal)." *Suno Action* Compl. ¶3.

In all events, if simply training on *any* online data (regardless of source) were sufficient, virtually all of the copyright cases pending against AI companies in this district would be related. They are not. Although assessed under the similar standard for joinder under Federal Rule 20(a), another court in this district recently found that "an allegation that multiple defendants infringed on the same copyright does not satisfy the occurrence and transaction requirement" where "[e]ach defendant trained on a mixture of different data repositories at different times." *Cambronne, Inc. v. Anthropic PBC*, --- F. Supp. 3d ---, 2026 WL 1700561, at *1 (N.D. Cal. Jun. 8, 2026) (severing copyright infringement suit brought by same plaintiff against five different AI companies). That logic controls here: there is no shared defendant *and* no shared course of conduct—only a shared plaintiff, which the Local Rules do not treat as sufficient. *See Kaidi v. Mint Mobile, LLC*, 2026 WL 1847737, at *1 (N.D. Cal. June 26, 2026) ("It is not uncommon for a single plaintiff or lawyer to bring a set of lawsuits alleging similar legal claims against different [defendants] …, but those similarities alone do not mean that such cases are related.").

Additionally, to the extent the claims here relate to alleged infringement by outputs of Anthropic's and Suno's respective products, the outputs generated using these products are categorically different. Setting aside Claude's many other use cases, even as to the narrow use cases at issue here, Claude allegedly reproduces *only* snippets of the *text* of song lyrics. Claude does not output audio. Suno allegedly produces full musical recordings that are claimed to imitate musical elements other than just lyrics, including the "style, structure, and expressive character" of song recordings, and "melodies," "vocals," "drums, and the various instruments played." *Compare Anthropic Action* Compl. ¶¶48–49, 57–59 *with Suno Action* Compl. ¶¶5–6, 39, 64–65. The lack of substantially similar parties, transactions, or events counsel against relation here.

## II. The Only Overlapping "Property" Is Round Hill's Songs, But The Copyrights Allegedly Infringed Are Different

Plaintiffs' motion ultimately rests on a single thread: that both suits implicate the same property, works from Round Hill's catalog. Not so. The *Suno Action* turns on the alleged copying and reproduction of sound recordings; the *Anthropic Action* concerns musical compositions. *Compare Suno Action* Compl. ¶¶5–6, 39–43, 64–65 *with Anthropic Action* Compl. ¶¶48–59, 73, 76–78. Those are distinct copyrights (*compare* 17 U.S.C. § 102(2) (musical works, including any accompanying words), *with* 17 U.S.C. § 102(7) (sound recordings)), carrying distinct bundles of rights, and involving distinct proof of ownership and analysis of substantial similarity in copying. That the two unrelated defendants allegedly used different aspects (lyrics text vs. audio recordings) of some of the same songs in training and by different means does not make the cases "substantially the same." *See Avila v. Ford Motor Co.*, 2026 WL 1180152, at *1 (N.D. Cal. Apr. 30, 2026) (denying motion to relate because cases sharing the same allegedly defective component yet involving "different vehicles and vehicle classes" were "similar" but not "substantially the same").

## III. There Is No Meaningful Risk Of Unduly Burdensome Duplication Of Labor And Expense Or Conflicting Results

Fact and expert testimony in a text-only general purpose large-language model case involving a frontier AI model company will bear little resemblance to that in a case involving an AI audio-generation company and a data-scraping vendor. *See Kaidi v. Mint Mobile, LLC*, 2026 WL 1847737, at *1 (N.D. Cal. June 26, 2026) (finding that even defendants with a shared corporate parent did not create relatedness where the allegations were "not obviously susceptible to coordinated evidence that would reduce the 'burdensome duplication of labor and expense'") (citing Civ. L.R. 3-12(a)(2)).

The different technologies and different alleged conduct in the two actions will give rise to different factual records and different defenses, with the courts deciding different questions based on different evidence and involving different copyrights.[2] This eliminates the "conflicting

[2] There are also non-overlapping claims that will raise unique defenses and issues in discovery. The *Suno Action* complaint pleads a contributory-infringement claim that exists only because of Bright Data's alleged role in supplying the scraping infrastructure, and a Section 1201 trafficking theory directed at Bright Data's "Web Unlocker" and proxy products. The *Anthropic Action* complaint pleads no contributory-infringement claim and names no such intermediary.

results" concern that Rule 3-12(a)(2) seeks to address. And as with the numerous other similar actions pending in this district (and around the country), the courts in the *Anthropic Action* and the *Suno Action* can of course consider rulings on overlapping legal questions across cases.

## IV. The *Anthropic Action* Should Instead Be Related To The *Concord* And *BMG* Cases Before Judge Lee

While fundamentally disconnected from the *Suno Action*, the *Anthropic Action* does bear a close relationship to three actions already pending before Judge Lee: *Concord I*, *Concord II*, and *BMG*. Round Hill's suit is an action by a music publisher against the same defendant (Anthropic), involves the same category of asserted rights (the lyrics of musical compositions), and implicates the same core transactions and events: Anthropic's alleged copying of lyrics available on the internet to train Claude, alleged reproduction of lyrics in Claude's outputs, alleged removal of copyright-management information, and (in *Concord II* and *BMG*) alleged torrenting. Because these overlapping factual and legal issues turn on the same or substantially the same conduct by the same defendant, there are significant efficiencies to be gained by having the cases related. This is especially true because Judge Lee is already steeped in these issues as they relate specifically to Anthropic and to alleged infringement (both input and output) involving song lyrics. She has presided over the *Concord I* case for years, and, by the time this case kicks off in earnest, will have heard argument on the parties' cross motions for summary judgment in *Concord I*, which present overlapping issues including fair use, direct copyright infringement through outputs, and CMI removal. Notably, Round Hill itself has recognized the relationship, conceding that the *Anthropic Action* is "related [to the] actions against Anthropic" pending before Judge Lee and marking the same in its Civil Cover sheet. *See Anthropic Action* Compl. ¶21; Dkt. 1-3. Anthropic's administrative motion in *Concord I* asking the court to consider whether the *Anthropic Action* should be related to *Concord I*, *Concord II*, and *BMG* is forthcoming.

Date: August 24, 2026

Respectfully submitted,

By: */s/ Sonal N. Mehta*

**WILMER CUTLER PICKERING HALE AND DORR LLP**
SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com

2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

LOUIS W. TOMPROS (*pro hac vice pending*)
louis.tompros@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: (617) 526-6220

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*pro hac vice pending*)
robin.burrell@wilmerhale.com
2100 Pennsylvania Ave, NW
Washington, DC 20037
Telephone: (202) 663-6000

ALEX W. MILLER (*pro hac vice pending*)
alex.miller@wilmerhale.com
JARED V. GRUBOW (*pro hac vice pending)*
jared.grubow@wilmerhale.com
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

*Attorneys for Defendant*
**ANTHROPIC PBC**