LATHAM & WATKINS LLP
Andrew M. Gass (SBN 259694)
Brittany N. Lovejoy (SBN 286813)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: 415.391.0600
Email: *Andrew.Gass@lw.com*
*Brittany.Lovejoy@lw.com*

*Attorneys for Defendant Suno, Inc. in Case No. 3:26-cv-8507*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

ROUND HILL MUSIC LP; ROUND HILL MUSIC ROYALTY FUND II, LP; ROUND HILL MUSIC ROYALTY FUND III, LP; ROUND HILL MUSIC ROYALTY FUND III PLUS, LP; GFP CO-INVEST, LP; and RH CARLIN HOLDINGS LLC,

Plaintiffs,

v.

ANTHROPIC PBC,

Defendant.

Case Number: 3:26-cv-08505-CRB

District Judge Charles R. Breyer

**SUNO, INC.'S OPPOSITION TO CIVIL LOCAL RULE 7-11 ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

Plaintiffs here contend that two cases should be related to each other because they are both copyright infringement actions involving the same songs. They are wrong. *Round Hill Music LP, et al. v. Anthropic PBC*, 3:26-cv-08505 (N.D. Cal.), and *Round Hill Music LP, et al. v. Suno, Inc.*, *et al.*, 3:26-cv-08507 (N.D. Cal.), involve different defendants, different AI services developed and trained in different ways, different acts of alleged infringement, and different causes of action. The only meaningful similarity between *Anthropic* and *Suno* is that they are both copyright infringement cases brought by the same Plaintiffs against generative AI companies who allegedly used some of the same songs as "training data." That is insufficient to satisfy the standard for relation.

Under Civil Local Rule 3-12, an "action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." The "test for relating cases" is not whether there is "some overlap in issues." Rather, "implicit in Civil Local Rule 3-12(a) is the principle that single judges of this Court do not become responsible for all cases arising in one area of law, even when some of the same parties are involved." *Allen v. City of Oakland*, No. 00-cv-4599, Dkt. 651 at 2 (N.D. Cal. Nov. 23, 2011).

*Suno* and *Anthropic* do not concern the same parties, property, transaction, or event. The differences across the two cases are myriad and far outnumber the similarities, including:

- The defendants across the two cases are **completely different companies**. The *Suno* case names three defendants: Suno, a music-generative AI company, and Bright Data Ltd. and Bright Data, Inc. (collectively, "Bright Data"), which allegedly provided scraped data to Suno for Suno to train its AI service. *Round Hill Music LP, et al., v. Suno, Inc., et al.,* No. 5:26-cv-08507, Dkt. 1 ¶¶ 3-4, 8-9 (N.D. Cal. Aug. 17, 2026) ("*Suno* Compl."). In *Anthropic*, the sole defendant is Anthropic, a generative AI company accused of training its AI service on pre-assembled datasets. *Round Hill Music LP, et al., v. Suno, Inc*., *et al.*, No. 5:26-cv-08505, Dkt. 1 ¶¶ 1, 3, 5 (N.D. Cal. Aug. 17, 2026) ("*Anthropic* Compl."). The companies have no relation to each other.

- Unsurprisingly, given that Suno and Anthropic are unrelated companies, **the AI services they offer are distinct**. Suno operates a generative AI service that produces *music* as its output—including instrumentals, vocals, and generated lyrics—from user text prompts. *Suno* Compl. ¶¶ 42-54. Anthropic, on the other hand, offers an AI service "designed to generate human-like *text* in response to user prompts, including generating, reproducing, and displaying copyrighted song lyrics." *Anthropic* Compl. ¶ 30 (emphasis added). The technology and training processes for a song-generation service and a text-generation service—including how Suno and Anthropic would have allegedly used Plaintiffs' works—are likely to be meaningfully different. And the operative copyright law governing on the one hand textual works and on the other hand recorded music is also materially distinct. *See* 17 U.S.C. § 114(b) (prescribing a unique and different scope of rights in recorded music compared with other copyrighted works).
- The conduct alleged in the two Complaints also **cannot be considered part of the same "transaction" or "event."** Suno's and Anthropic's respective copying and use of Plaintiffs' works occurred completely independently, and the two companies allegedly employed fundamentally different data-acquisition methodologies. In *Suno*, Plaintiffs claim that the defendants scraped *audio files* from music streaming platforms like YouTube and used those files to train Suno's music-generative AI service. *Suno* Compl. ¶¶ 3, 5, 37, 39. Anthropic, on the other hand, allegedly collected *text* from lyric-aggregation sites, large web-crawl archives, and pre-assembled datasets, using that material to train its text-generative AI service. *Anthropic* Compl. ¶¶ 31-34, 38. Unlike Suno, Anthropic allegedly retains this material in an "All-Purpose Library." *Anthropic* Compl. ¶¶ 39-43.
- ***Suno* also includes a cause of action not asserted in *Anthropic***, for contributory copyright infringement against Bright Data. This cause of action will involve separate legal and factual issues not present in *Anthropic.* Though Plaintiffs have asserted three causes of action common across the litigations, each one relies on entirely distinct factual allegations specific to the relevant defendant, including how it trained its AI service, how that AI service operates, and the outputs on which Plaintiffs rely.

These multiple, material factual and legal differences preclude relation under Civil Rule 3-12. The only similarities Plaintiffs can identify are: (1) the Plaintiffs; (2) the asserted works; and (3) that both sets of defendants "ma[de] unlicensed copies" of those works to train their different AI models. Dkt. 10 at 1-2. That is not enough—not close to it. If Plaintiffs were right that the limited similarities between the two cases at issue here warranted relation, then all of the many, many copyright cases against generative AI companies in this District would be related whenever brought by the same plaintiff. But, of course, they are not. And the reason they are not is that the law of relation in this district requires more.

When plaintiffs have previously sought to relate or join generative AI cases inappropriately, courts have seen through it. In *Cambronne, Inc. v. Anthropic PBC*, No. 5:25-cv-10897, for example, the same plaintiffs attempted to join multiple actions against different AI companies, on the basis that each one trained on their copyrighted works. The court rejected that argument, finding that "[i]t is well-established . . . that an allegation that multiple defendants infringed on the same copyright does not satisfy the occurrence and transaction requirement outlined by Rule 20(a)." *Cambronne*, No. 25-cv-10897, 2026 WL 1700561, at *1 (N.D. Cal. June 8, 2026) (citing *Afifeh v. Ahmadabadi*, No. 22-cv-928, 2022 WL 1617115, at *1 (C.D. Cal. Apr. 15, 2022) (collecting cases)); *see also Chicken Soup for the Soul, LLC v. Anthropic PBC*, No. 26-cv-2333, Dkt. 32 (N.D. Cal. Apr. 10, 2026) (severing cases on the same basis and relating only the cases against the same defendant). The same is true here. As in *Cambronne*, nothing "t[ies] the defendants" in these cases together, 2026 WL 1700561, at *2, other than the allegation that they both trained their AI services on large quantities of data available on the Internet—including Plaintiffs' works. Just as this commonality, which would be true of dozens of companies with advanced AI tools, was not enough to join the cases in *Cambronne*, it is not enough to relate *Suno* and *Anthropic* here. *See also Sorensen v. Lexar Media, Inc.*, No. 08-cv-95, 2008 WL 11344635, at *1 (N.D. Cal. July 25, 2008) (denying motion to relate cases involving infringement of the same patent by different defendants because "the production processes for the[] infringing items are significantly dissimilar," meaning the court would have to engage in an independent analysis of each).

Plaintiffs' cited authority is not to the contrary. In *Financial Fusion, Inc. v. Ablaise Ltd.*, No. 06-cv-2451, 2006 WL 3734292 (N.D. Cal. Dec. 18, 2006), the court granted a motion to relate two cases involving the same *defendant* accused of infringing the same patents on its website. *Id.* at *3. Critically, these similarities meant that both cases centered on the same course of conduct by the defendant. Here, by contrast, *Suno* and *Anthropic* share virtually no common facts; the only similarity is the list of asserted works that both sets of defendants are alleged to have separately copied in distinct ways. Similarly, the cases at issue in *Rothschild v. Pacific Companies*, No. 23-cv-1721, 2024 WL 2112898 (N.D. Cal. Apr. 26, 2024), involved the same "transactions and events" concerning the development of a single property. *Id.* at *3. The same cannot be said here, where Suno and Anthropic operate entirely independently of each other.

There will also be no "unduly burdensome duplication of labor and expense or conflicting results" if *Suno* and *Anthropic* proceed before different judges. The multiple, material differences noted above mean that these cases will proceed differently through discovery and ultimately turn on distinct factual issues—including how exactly the defendants obtained and used Plaintiffs' works, whether any specific outputs are substantially similar to the asserted works, and, in the case of *Suno*, whether Bright Data materially contributed to any infringement. The same is true of the multiple other generative AI copyright infringement cases in this District, which have been proceeding before different judges for years. *See, e.g.*, *Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417 (N.D. Cal.) (Chhabria, J.); *Hendrix v. Apple, Inc.*, No. 25-cv-07558 (N.D. Cal.) (Rogers, J.); *Concord Music Group, Inc. v. Anthropic PBC*, No. 24-cv-03811 (N.D. Cal.) (Lee, J.); *Bartz v. Anthropic PBC*, No. 24-cv-5417 (N.D. Cal.) (Martínez-Olguín, J.); *Andersen v. Stability AI Ltd.*, No. 23-cv-00201 (N.D. Cal.) (Orrick, J.).

Plaintiffs here have filed distinct Complaints against separate and unrelated defendants, raising fundamentally different factual allegations concerning each one. The cases cannot be related merely because they both allege infringement of Plaintiffs' works and both involve generative AI. For the foregoing reasons, this Court should deny Plaintiffs' motion to relate *Suno* and *Anthropic*.

Dated: August 24, 2026

**LATHAM & WATKINS LLP**

By *____/s/ Andrew M. Gass________________*
Andrew M. Gass (SBN 259694)
*Andrew.Gass@lw.com*
Brittany N. Lovejoy (SBN 286813)
*Brittany.Lovejoy@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: 415.391.0600

*Attorneys for Defendant*
*Suno, Inc. in Case No. 3:26-cv-8507*